UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARO C. WEILBURG and
MARIA T. WEILBURG,

     Plaintiffs,

    -v-       5:22-CV-432

NICHOLAS JACOBSON *et al.*,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:     OF COUNSEL:

DARO C. WEILBURG &
 MARIA T. WEILBURG
Plaintiffs, Pro Se
4899 Bear Path Road
Munnsville, NY 13409

DAVID N. HURD
United States District Judge

## <u>ORDER ON REPORT & RECOMMENDATION</u>

On May 4, 2022, *pro se* plaintiffs Daro Weilburg and Maria Weilburg

(collectively "plaintiffs") filed this action alleging defendants violated their

rights by attempting to evict them from an apartment.  Dkt. No. 1.  Along

with their complaint, plaintiffs sought leave to proceed *in forma pauperis*

("IFP Applications").  Dkt. Nos. 2, 3; *see also* Dkt. Nos. 11, 12.

On May 18, 2022, U.S. Magistrate Judge Andrew T. Baxter granted plaintiffs' IFP applications, construed the complaint as asserting civil rights claims under 42 U.S.C. § 1983 and the Fair Housing Act ("FHA"), and advised by Report & Recommendation ("R&R") that the complaint be dismissed as to certain defendants but not others.  Dkt. No. 13.

As Judge Baxter explained, "plaintiffs' submissions are sufficient to order service of the complaint on [defendant Richard] Castellane" as to the housing discrimination claim under the FHA.  Dkt. No. 13 at 7.[1]  However, Judge Baxter determined that plaintiffs had failed to allege viable claims against any of the other named defendants.  *Id*.  Even so, in light of their *pro se* status Judge Baxter recommended that plaintiffs be given a limited opportunity to amend their complaint as to two of these defendants.  *Id*.

Plaintiffs have filed objections.[2]  Dkt. No. 14.  Upon *de novo* review of the portions to which plaintiffs have objected, the R&R will be accepted and adopted in all respects.  *See* 28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

---

[1]  Pagination corresponds to CM/ECF.

[2]  Plaintiffs' objections were received on June 6, 2022 and docketed by the Clerk on June 7, 2022.  Dkt. No. 14.  Although the deadline in which to file objections expired on June 1, 2022, Dkt. No. 13, a review of the filing shows that it was signed by plaintiffs on either May 24, 2022 or May 26, 2022.  Dkt. No. 14.  Because plaintiffs are proceeding *pro se*, the Court has considered the objections as timely filed for the purpose of review.

1.  The Report & Recommendation is ACCEPTED;

2.  Plaintiffs' complaint is DISMISSED without prejudice and <u>with</u> leave to amend as against defendants Nicholas Jacobson and The Law Firm of Bond, Schoeneck & King if plaintiffs can show these defendants, by their own conduct, were responsible for any discrimination, harassment, or other interference with plaintiffs' purported rental of the Property, because of plaintiffs' religion;

3.  Plaintiffs' complaint is DISMISSED without prejudice but <u>without</u> leave to amend as against defendants Robert Altman, Jane Doe Jacobson, and the remaining John/Jane Doe defendants;

4.  Plaintiffs may, but are not required to, amend their complaint in accordance with the instructions set forth in the Report & Recommendation and this Order;

5.  If plaintiffs elect to amend their complaint, they shall have forty-five days from the date of this Order in which to do so;

6.  If plaintiffs chose not to amend their complaint, this matter shall be returned to Judge Baxter for service of the complaint on defendant Richard Castellane; and

7.  If plaintiffs choose to file a proposed amended complaint within the forty-five day time period, this matter shall be returned to Judge Baxter for further review and any further orders relating to service on the defendants.

IT IS SO ORDERED.


Dated:  June 7, 2022
        Utica, New York.

David N. Hurd
U.S. District Judge