UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DARO C. WEILBURG and
MARIA T. WEILBURG,

                                Plaintiffs,

   v.

RICHARD CASTELLANE, et al.,

                                Defendants.

5:22-CV-432
(DNH/ATB)

---

ANDREW T. BAXTER
United States Magistrate Judge

## REPORT-RECOMMENDATION

The Clerk has sent me what has been filed as the "Second Amended Complaint" in this action. (Dkt. No. 21). For the following reasons, I will recommend dismissal of plaintiff Daro Weilburg's Second Amended Complaint, without prejudice to plaintiff having a final opportunity to properly amend his original complaint solely as to his FHA claims.

## I.   Background

The original complaint was filed on May 4, 2022, which named Daro C. Weilburg and Maria T. Weilburg as plaintiffs. (Complaint ("Compl.")) (Dkt. No. 1). The original defendants were Nicholas Jacobson, Jane Doe Jacobson, Richard Castellane, Robert Altman, The Law Firm of Bond, Schoeneck & King, and various other John/Jane Doe defendants. (*Id*.). The court construed plaintiffs' complaint against the defendants to allege, inter alia, housing discrimination under the Fair Housing Act of 1968 (the "FHA") based on plaintiffs' religion.[1] On May 18, 2022, I

---

[1] As stated in my original review of the complaint, plaintiffs made various other allegations that failed to state a cause of action. (Dkt. No. 13 at 8-10). The court assumes familiarity with my initial

completed the initial review of plaintiffs' original complaint and issued an Order and Report-Recommendation. ("ORR") (Dkt. No. 13). In my ORR, I recommended service of the complaint on defendant Castellane based on plaintiffs' allegations under the FHA. (*Id.* at 5–7). I also recommended dismissal of the complaint as against defendants Nicholas Jacobson and The Law Firm of Bond, Schoeneck & King, without prejudice to plaintiffs amending the complaint to show that these defendants were responsible for any discriminatory conduct relative to the FHA claims. (*Id.* at 7-8, 10-11). Finally, I recommended that the district court dismiss the complaint as to plaintiffs' remaining claims and defendants without prejudice, but without leave to amend. (*Id.* at 8-11).

Plaintiffs objected to the ORR, but on June 7, 2022, the Honorable David N. Hurd adopted my recommendations. (Dkt. No. 15). On July 8, 2022, plaintiffs filed an amended complaint in this action. ("AC") (Dkt. No. 16). On July 13, 2022, while plaintiffs' amended complaint was still pending my review, plaintiffs filed a motion for a temporary restraining order ("TRO") against a myriad of individuals and entities, some of which were the defendants named in plaintiffs' original complaint. (Dkt. No. 17). Judge Hurd denied plaintiffs' motion for a TRO on July 13, 2022, and again upon reconsideration on August 5, 2022 (Dkt. No. 20).

Plaintiff Daro Weilburg then filed what the court has labeled a Second Amended Complaint ("SAC") on August 5, 2022 (Dkt. No. 21), presumably seeking to supersede the amended complaint, which still had yet to be reviewed. Thus, the SAC is presently

---

review of this case. (Dkt. No. 13).

before this court for review pursuant to 28 U.S.C. § 1915.

II. **Sufficiency of Pleading**

Plaintiffs were given specific instructions as to the form of any amended complaint filed in this action, but have failed to present a submission that adheres to those instructions, or meaningfully addresses the deficiencies identified by this court. At the outset, it is unclear from the SAC whether Maria T. Weilburg intends to remain a plaintiff in this action. While both the original complaint and the amended complaint identify Ms. Weilburg as a plaintiff, the SAC appears to omit her entirely, and does not include her signature. (*Compare* Compl, AC *with* SAC).

Furthermore, the court gave specific instruction that should plaintiffs submit an amended complaint, "[n]o facts or claims from the original complaint may be incorporated by reference." (Dkt. No. 13 at 11-12). Despite the court's directive, the SAC seeks to incorporate the "original complaint in its entirety with exhibits and [the] Objection to the Magistrate's Recommendation in its entirety with exhibits, within [the] amended complaint." (SAC at 1). As previously explained, amended pleadings must be complete pleadings which will supersede the original pleading in all respects. N.D.N.Y. Local Rule 15.1(a). "One of the purposes of the requirement that an amended complaint be a complete pleading is to ensure that all of the allegations asserted against the defendant(s) are contained in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him." *See Walker v. Fischer*, No. 10-CV-1431 (MAD/DEP), 2012 WL 1029614, at *10 (N.D.N.Y. Mar. 26, 2012) (citation omitted). This requirement eliminates the confusing nature of "piecemeal" amended complaints. *See Chapdelaine v. Keller*, No. 9:95-CV-1126 (HGM/GS), 1999

WL 34998130, at *1 (N.D.N.Y. Sep. 28, 1999).

This particular pleading requirement is especially relevant here, where the SAC wholly fails to address any of the FHA claims which were reviewed in the original complaint, and omits several of the formerly named defendants. Instead, the SAC asserts entirely unrelated claims surrounding Mr. Weilburg's arrest for criminal trespass on March 12, 2022, and its subsequent prosecution. (*See* SAC at 1-7). As I previously pointed out in my ORR, these claims appear to be the subject of a separate, ongoing action filed by Mr. Weilburg in the Northern District. (Dkt. No. 13 at 5 n. 6). *See Weilburg v. Rodgers*, *et al.*, No. 5:22-CV-435 (BKS/TWD). Plaintiff has asserted essentially the same allegations in the SAC as in *Weilburg v. Rodgers.* However, in an order on initial review in that case, this court has already considered the viability of plaintiff's constitutional claims arising out of his March 12, 2022 arrest, and the events flowing therefrom. (*Id.* at Dkt. No. 13). As of the date of this Report-Recommendation, the *Weilburg v. Rodgers* action is pending service of the summons and complaint on the remaining defendant in that action.[2] (*Id.*).

A district court enjoys substantial discretion to manage its docket efficiently to avoid duplicate litigation. *See Taylor v. Rodriguez*, 238 F.3d 188, 197 (2d Cir. 2001). As observed by the Second Circuit in *Curtis v. Citibank, N.A.*, 226 F.3d 133 (2d Cir. 2000), a plaintiff has "no right to maintain two actions on the same subject in the same

---

[2]On July 14, 2022, the Honorable Brenda K. Sannes granted plaintiff leave to file and amended complaint within 30 days, in order to address any of the deficiencies identified in the original *Weilburg v. Rodgers, et al.* complaint. (No. 5:22-CV-435 (BKS/TWD) (Dkt. No. 13). In the event that plaintiff did not file an amended complaint, which it appears he did not, Judge Sannes ordered the Clerk of the court to issue a summons and forward it with copies of the complaint to the U.S. Marshal for service upon the remaining defendant. (*Id.*).

court, against the same defendant at the same time." *Id*. at 139. Thus, a district court may invoke its power to administer its docket by staying or dismissing a suit that is duplicative of another suit in federal court. *See Taylor*, 238 F.3d at 197; *Curtis*, 226 F.3d at 138.

Generally, where two lawsuits include the same factual allegations and legal claims, "the first suit [filed] should have priority." *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991). Thus, pursuant to the prior pending action doctrine, "[w]here two pending actions address the same legal claims and conduct, the court may dismiss the second action as long as the controlling issues in the dismissed action will be determined in the other lawsuit*." Edwards v. North American Power and Gas*, LLC, 2016 WL 3093356, at *3 (D. Conn. June 1, 2016) (internal quotation marks omitted); *see also Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504-05 (2d Cir. 2019) (citing *The Haytian Republic*, 154 U.S. 118, 124 (1894)) (Recognizing that in order to invoke the rule against duplicative litigation, "[t]here must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same.").

Here, the court considers the *Weilburg v. Rodgers* action to constitute the prior pending case, because although both original complaints were filed on the same day, the other action is already proceeding after initial review. The court concludes that it would be more efficient to have Mr. Weilburg's claims related to his March 12, 2022 arrest resolved in one action. Even if, as in here, the two complaints do not include all of the same claims or defendants, "the continued litigation of the prior pending action is

5

favored [because] the plaintiff could 'amend the complaint . . . to contain all of the issues and parties presently contained in either action.' " *Harnage v. Caldonero*, No. 3:16-CV-1876, 2017 WL 2190057, at *4 (D. Conn. May 18, 2017) (citations omitted). Accordingly, the court recommends dismissal of the SAC pursuant to the prior pending action doctrine. Mr. Weilburg may continue to litigate claims arising from his March 12, 2022 arrest in *Weilburg v. Rodgers*, to the extent they remain viable.

### III.  Opportunity to Amend

Plaintiffs were given a limited opportunity to amend the original complaint as against certain defendants, specific to their allegations of housing discrimination on the basis of religion. At this juncture, it is unclear whether Mr. Weilburg erroneously filed the SAC in this action instead of *Weilburg v. Rodgers*, and/or whether plaintiffs seek to abandon any of the housing discrimination claims raised in their original complaint, at least one of which was determined to have survived initial review. However, whether in error or by intention, the SAC as plead exclusively raises claims which are currently the subject of ongoing litigation in another federal action, and is therefore subject to dismissal.

In light of the foregoing, and recognizing the special solicitude afforded pro se litigants, the court recommends granting plaintiffs a final opportunity to amend their original complaint, as limited to their original claims surrounding housing discrimination under the FHA. If the district court adopts this recommendation and the plaintiffs choose to amend their complaint, they are advised that **ANY AMENDED PLEADING MUST BE A COMPLETE PLEADING, WHICH WILL SUPERCEDE THE ORIGINAL**, and plaintiffs must include all the remaining facts

and causes of action in the amended complaint. **NO FACTS OR CLAIMS FROM THE ORIGINAL COMPLAINT, OR ANY OTHER PRIOR SUBMISSIONS BY THE PLAINTIFFS, MAY BE INCORPORATED BY REFERENCE.** In other words, plaintiffs must include in their amended complaint all of those facts and allegations which this court already determined to plausibly state a claim for housing discrimination against defendant Castellane,[3] as well as any additional facts and allegations by which plaintiff can plausibly show that defendants Jacobson and The Law Firm of Bond, Schoeneck, and King were responsible for discriminatory conduct relative to plaintiff's housing, sufficient to state a claim under the FHA. The action has otherwise been dismissed against the other named defendants in the original complaint, without the opportunity to amend as against them.

Plaintiffs are further advised that any amended complaint must specifically identify all of the plaintiffs to this action, and must include his or her signature.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the SAC (Dkt. No. 21) be **DISMISSED in its entirety** in the interest of judicial economy and consistent with the prior pending action doctrine, and it is

**RECOMMENDED**, that if the District Court adopts this recommendation, plaintiffs be given thirty (30) days to amend their complaint to the extent specifically authorized in my previous ORR and this Report-Recommendation, and that plaintiffs be advised that any amended pleading must be a **COMPLETE PLEADING, WHICH**

---

[3] In having made such a determination, this court expressed no opinion as to whether plaintiffs' claims can survive a properly filed dispositive motion.

**WILL SUPERCEDE THE ORIGINAL**, and that plaintiffs must include all the remaining facts and causes of action in the amended complaint. **No facts or claims from the original complaint may be incorporated by reference**, and it is

**RECOMMENDED**, that if the District Court adopts this recommendation, and plaintiffs file a proposed amended complaint, the proposed amended complaint be returned to me for review and any further orders relating to service on the defendant(s), and it is

**RECOMMENDED**, that if plaintiffs fail to file a proposed amended complaint within the time allotted by the court or fails to request a reasonable extension of that time, the SAC be dismissed without further review by the court.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: August 23, 2022

_____
Andrew T. Baxter
U.S. Magistrate Judge