UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARO C. WEILBURG and
MARIA T. WEILBURG,

                Plaintiffs,

             -v-                     5:22-CV-432

RICHARD CASTELLANE,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:              OF COUNSEL:

DARO C. WEILBURG &
   MARIA T. WEILBURG
Plaintiffs, Pro Se
4899 Bear Path Road
Munnsville, NY 13409

DAVID N. HURD
United States District Judge

### ORDER ON REPORT & RECOMMENDATION

    On May 4, 2022, *pro se* plaintiffs Daro Weilburg and Maria Weilburg (collectively "plaintiffs") filed this action alleging defendants violated their rights attempting to evict them from an apartment.  Dkt. No. 1.  Along with their complaint, plaintiffs sought leave to proceed *in forma pauperis* ("IFP Applications").  Dkt. Nos. 2, 3; *see also* Dkt. Nos. 11, 12.

On May 18, 2022, U.S. Magistrate Judge Andrew T. Baxter granted plaintiffs' IFP applications, construed the complaint as asserting civil rights claims under 42 U.S.C. § 1983 and the Fair Housing Act ("FHA"), and advised by Report & Recommendation ("R&R") that the complaint be dismissed as to certain defendants but not others.  Dkt. No. 13.

As Judge Baxter explained, "plaintiffs' submissions are sufficient to order service of the complaint on [defendant Richard] Castellane" as to the housing discrimination claim under the FHA.  Dkt. No. 13 at 7.[1]  However, Judge Baxter determined that plaintiffs had failed to allege viable claims against any of the other named defendants.  *Id.*  Even so, in light of their *pro se* status Judge Baxter recommended that plaintiffs be given a limited opportunity to amend their complaint as to two of these defendants.  *Id.*

On June 7, 2022, this Court adopted Judge Baxter's R&R over plaintiffs' objections.  Dkt. No. 15.  Plaintiffs' complaint was dismissed <u>with</u> leave to amend as against defendants Nicholas Jacobson and The Law Firm of Bond, Schoeneck & King.  *Id.*  However, plaintiffs' complaint was dismissed <u>without</u> leave to amend as to defendants Robert Altman, Jane Doe Jacobson, and the remaining Does.  *Id.*

---

[1] Pagination corresponds to CM/ECF.

On July 8, 2022, plaintiffs filed an amended complaint against defendants Nicholas Jacobson and The Law Firm of Bond, Schoeneck & King. Dkt. No. 16. While that pleading was under review by Judge Baxter, plaintiffs moved for a temporary restraining order ("TRO"). Dkt. No. 17. That motion was denied, Dkt. No. 18, and so was a reconsideration request that followed, Dkt. Nos. 19–20. Plaintiffs then filed a second amended complaint on August 5, 2022. Dkt. No. 21.

On August 23, 2022, Judge Baxter advised by R&R that plaintiffs' second amended complaint (Dkt. No. 21) be dismissed and that plaintiffs be given thirty days to amend their pleading on a limited basis in accordance with his prior instructions. Dkt. No. 22.

On September 12, 2022, this Court adopted Judge Baxter's August 23, 2022 R&R in full. Dkt. No. 23. As a result, plaintiffs' second amended complaint was dismissed. *Id*. However, plaintiffs were given thirty days in which to amend their pleading "to the extent specifically authorized in Judge Baxter's May 18, 2022 Order and Report-Recommendation." *Id*. Thereafter, plaintiffs filed a "third amended complaint." Dkt. No. 24.

On November 4, 2022, Judge Baxter reviewed the sufficiency of plaintiffs' third amended pleading and advised by R&R that the complaint be dismissed except as to defendant Richard Castellane. Dkt. No. 25. As Judge Baxter

explained, a liberal construction of plaintiffs' latest pleading continued to suggest a plausible FHA claim against defendant Richard Castellane. *Id*.

However, Judge Baxter concluded that plaintiffs' pleading remained deficient as to defendants Nicholas Jacobson and The Law Firm of Bond, Schoeneck & King. Dkt. No. 25. Among other things, Judge Baxter reasoned that plaintiffs had failed to allege that these defendants "had assumed any role other than legal counsel for defendant Castellane." *Id*.

Notably, Judge Baxter also concluded that further amendment of the pleading would be unproductive and therefore unwarranted. Dkt. No. 25. As Judge Baxter pointed out, this Court had already given plaintiffs a "final" and "limited" opportunity to amend on September 12, 2022. *Id*. (citing Dkt. No. 23). Despite the limited nature of this Court's grant of leave to amend, plaintiffs had attempted to resurrect and/or assert claims against defendants that were "unrelated to [the] FHA claims" against defendant Castellane. *Id*.

Plaintiffs have filed objections. Dkt. No. 26. In that filing, plaintiffs reiterate their belief that defendants Nicholas Jacobson and The Law Firm of Bond, Schoeneck & King can be liable as "proxy" landlords to defendant Castellane's alleged wrongdoing vis-a-vis the eviction. *Id*.

Upon *de novo* review, plaintiffs' objections must be overruled. Regardless of defendant Castellane's alleged motivation in, *inter alia*, failing to remedy the black mold problem of which plaintiffs complain, they have not alleged

- 4 -

any viable claims against defendants Nicholas Jacobson or The Law Firm of Bond, Schoeneck & King; *i.e.*, the attorney and law firm acting as legal counsel for defendant Castellane during certain state court proceedings. To the extent plaintiffs' objections concern other defendants unrelated to the direct landlord/tenant relationship with defendant Castellane, the Court agrees with Judge Baxter that those allegations appear to relate to claims already raised by plaintiff Daro Weilburg in *Weilburg v. Rodgers, et al.*, 5:22-CV-435, an unrelated civil case that remains pending.

Accordingly, the R&R will be accepted and adopted in all respects. *See* 28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

1.  The Report & Recommendation is ACCEPTED;

2.  Plaintiffs' third amended complaint (Dkt. No. 24) is DISMISSED in part and accepted for filing in part;

2.  Plaintiffs' third amended complaint is DISMISSED WITH PREJUDICE as to defendants Nicholas Jacobson and The Law Firm of Bond, Schoeneck & King;

3.  Plaintiffs' third amended complaint against the other individuals identified in the pleading (with the exception of defendant Castellane) is DISMISSED WITHOUT PREJUDICE, but without leave to further amend;

4.  The Clerk of the Court is directed to TERMINATE those defendants from the docket sheet in this action; and

5.  Plaintiffs' third amended complaint shall be RETURNED to Judge Baxter for an order related to service on defendant Richard Castellane.

IT IS SO ORDERED.

Dated:  November 22, 2022
        Utica, New York.

David N. Hurd
U.S. District Judge