# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

DARO C. WEILBURG and
MARIA T. WEILBURG,

                                                Plaintiffs,

    v.

                                                5:22-CV-432

RICHARD CASTELLANE, et al.,                          (DNH/ATB)

                                              Defendants.

---

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER

**I.**     **Background**.

On November 4, 2022, I conducted an initial review of plaintiffs' Third Amended Complaint filed on October 13, 2022. (Dkt. Nos. 24, 25). My resulting report-recommendation included a procedural history of plaintiffs' previous filings in this matter, dating back to plaintiffs' original complaint filed on May 4, 2022. (Dkt. No. 25 at 1-3). Based upon my review of the Third Amended Complaint, I recommended dismissal of named defendants Nicholas Jacobson and The Law Firm of Bond, Schoeneck & King with prejudice, for failure to state a claim. (*Id.*) I further recommended that any claims against particular individuals referenced in the complaint but not named as defendants be dismissed without prejudice, but without leave to further amend. (*Id.*) Finally, I recommended that the case proceed past initial review with respect to the claims against defendant Richard Castellane, arising from alleged housing discrimination under the Fair Housing Act of 1968 (the "FHA"). (*Id.*)

    Plaintiff filed what is docketed as an "Objection" to my report-recommendation

on November 14, 2022. (Dkt. No. 26).  This filing also included a request for appointment of legal counsel. (*Id*.)  On November 22, 2022, United States District Court Judge David N. Hurd considered plaintiffs' Objection and approved and adopted my Report-Recommendation in its entirety. (Dkt. No. 27).  For detailed discussion of the issues considered by the District Court, reference is made to Judge Hurd's Memorandum Decision and Order. (*Id*.)

Accordingly, plaintiffs' Third Amended Complaint, as limited by Judge Hurd's November 22, 2022 Memorandum Decision and Order, is the operative pleading herein. The Clerk has now sent this case back to me to order service of that complaint, but I will first address plaintiffs' request for appointment of counsel. (Dkt. No. 26 at 1, 4).

## II.     Appointment of Counsel

### A.     Legal Standard

It is well-settled that there is no right to appointment of counsel in civil matters. *See, e.g., Burgos v. Hopkins,* 14 F.3d 787, 789 (2d Cir. 1994).  Pursuant to 28 U.S.C. § 1915(e), the court may request an attorney to represent an indigent party. 28 U.S.C. § 1915(e)(1) (authorizing the court to "request an attorney to represent any person unable to afford counsel.").  The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc*., 877 F.2d 170, 172 (2d Cir. 1989).  Thus, appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance.  *Id.*, 877 F.2d at 172-173.

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)) (internal quotation marks omitted). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, No. 93-CV-1449 (TJM) 899 F. Supp. 972, 974 (N.D.N.Y. Oct. 16, 1995) (citing *Hodge*, 802 F.2d at 621).

### B. Application

This court finds that appointment of counsel is not warranted at this time. Plaintiffs' action was only relatively recently commenced. The defendant has not been served, and the only facts upon which this court may base its decision as to whether this lawsuit is of substance are the facts and allegations stated in plaintiffs' Third Amended Complaint. Thus, at this early stage, plaintiffs do not meet the first requirement imposed by the Second Circuit for appointment of pro bono counsel.

In addition, even if this court were to assume that plaintiffs' FHA claims may be of substance, it does not appear that any of these claims present overly complex issues. Plaintiffs' Third Amended Complaint sets forth their factual allegations and legal theory in asserting an FHA claim against Defendant Castellane. This court finds no reason to infer from the current record that plaintiffs are unable to investigate pertinent facts and present their case, particularly in light of the detailed nature of their already filed pleadings and objections, and their assembly of documentary evidence referenced or included as part of their various filings in this case. (Dkt. Nos. 8, 16, 17, 19, 21, 24).

Furthermore, in the event the defendant answers the complaint, a Mandatory Pretrial Scheduling Order shall issue, which will direct the exchange of initial disclosures and likely help plaintiffs frame the issues in the case and investigate the "crucial facts" without the immediate need for counsel.

The court does agree that if the case should proceed to trial, plaintiffs may need assistance with preparing pretrial submissions, presenting their case, and questioning witnesses. If the action survives dispositive motions and proceeds to trial, plaintiffs may re-apply for appointment of counsel, and the court will revisit the issue. This issue will be discussed at a pretrial conference, and the court would likely appoint counsel at that time.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiffs' motion for the appointment of counsel (Dkt. No. 26) is **DENIED WITHOUT PREJUDICE** as discussed above; and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with a

copy of the Third Amended Complaint (Dkt. No. 24), Judge Hurd's November 22, 2022 Order (Dkt. No. 27), and a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, to the United States Marshal, for service upon the defendant **RICHARD CASTELLANE**, and it is further

**ORDERED** that a formal response to plaintiffs' complaint be filed by the defendant or defendant's counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process on the defendants; and it is further

**ORDERED**, that the Clerk is directed to schedule a Rule 16 conference before me, and it is

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.**   Plaintiffs must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with the Local Rules of the Northern District of New York in filing motions.  **Plaintiffs are also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change**

**in his or her address; failure to do so will result in the dismissal of this action**; and it is

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiffs.

Dated: November 30, 2022

*Andrew T. Baxter* (signature)
Andrew T. Baxter
U.S. Magistrate Judge