UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARO C. WEILBURG and
MARIA T. WEILBURG,

            Plaintiffs,

            -v-                      5:22-CV-432

RICHARD CASTELLANE,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                      OF COUNSEL:

DARO C. WEILBURG &
   MARIA T. WEILBURG
Plaintiffs, Pro Se
5701 East Circle Drive #138
Cicero, NY 13039

HANCOCK ESTABROOK, LLP       THOMAS C. CAMBIER, ESQ.
Attorneys for Defendant            MARY L. D'AGOSTINO, ESQ.
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202

DAVID N. HURD
United States District Judge

## **DECISION & ORDER**

## I. **INTRODUCTION**

On May 4, 2022, *pro se* plaintiffs Daro and Maria Weilburg ("plaintiffs") filed this action alleging that various named defendants unlawfully evicted them from an apartment they rented from defendant Richard Castellane ("Castellane"). Dkt. No. 1. Along with their complaint, plaintiffs sought leave to proceed *in forma pauperis*. Dkt. Nos. 2, 3; *see also* Dkt. Nos. 11, 12.

On May 18, 2022, U.S. Magistrate Judge Andrew T. Baxter granted plaintiffs' IFP applications, construed plaintiffs' complaint as asserting civil rights claims under 42 U.S.C. § 1983 and the Fair Housing Act ("FHA"), and advised by Report & Recommendation ("R&R") that plaintiffs' complaint be dismissed as to certain defendants but not others. Dkt. No. 13.

As Judge Baxter explained, "plaintiffs' submissions are sufficient to order service of the complaint on [defendant Richard] Castellane" as to a housing discrimination claim under the FHA. Dkt. No. 13 at 7.[1] Judge Baxter also determined that plaintiffs had failed to allege any plausible claims against the other named defendants. *Id.* However, in light of their *pro se* status, Judge Baxter recommended that plaintiffs be given a limited opportunity to amend their complaint as to two of the named defendants. *Id.*

---

[1] Pagination corresponds to CM/ECF.

On June 7, 2022, this Court adopted Judge Baxter's R&R over plaintiffs' objections. Dkt. No. 15. Accordingly, plaintiffs' complaint was dismissed *with* leave to amend as against defendants Nicholas Jacobson and The Law Firm of Bond, Schoeneck & King. *Id.* However, plaintiffs' complaint was dismissed *without* leave to amend as to defendants Robert Altman and various Does. *Id.*

On July 8, 2022, plaintiffs filed an amended complaint against defendants Nicholas Jacobson and The Law Firm of Bond, Schoeneck & King. Dkt. No. 16. While this new pleading was under review by Judge Baxter, plaintiffs moved for a temporary restraining order ("TRO"). Dkt. No. 17. Plaintiffs' TRO was denied, Dkt. No. 18, and so was their motion for reconsideration that followed, Dkt. Nos. 19–20. Thereafter, plaintiffs filed a second amended complaint on August 5, 2022. Dkt. No. 21.

On August 23, 2022, Judge Baxter completed his review and advised by R&R that plaintiffs' second amended complaint (Dkt. No. 21) be dismissed and that plaintiffs be given thirty days in which to amend their pleading on a limited basis in accordance with his prior instructions; *i.e.*, plaintiffs could amend their pleading to state "any additional facts and allegations" by which they could show that two specific defendants; *i.e.*, Nicholas Jacobson and The Law Firm of Bond, Schoeneck & King "were responsible for discriminatory conduct relative to plaintiff's housing, sufficient to state a claim under the

FHA." Dkt. No. 22.  This Court adopted that R&R without objection from plaintiffs on September 12, 2022.  Dkt. No. 23.

On October 13, 2022, plaintiffs filed a third amended complaint.  Dkt. No. 24.  Judge Baxter conducted a review of this new pleading and advised by R&R that the third amended complaint be dismissed except as to plaintiffs' FHA claim against defendant Castellane.  Dkt. No. 25.  As Judge Baxter explained, a liberal construction of plaintiffs' latest pleading continued to suggest a plausible FHA claim against defendant Castellane.  *Id*.  However, Judge Baxter determined that plaintiffs' third amended complaint remained deficient as to any of the other named defendants.  *Id*.  And because multiple attempts at re-pleading had failed to cure those deficiencies, Judge Baxter concluded that any further opportunity to amend would be unwarranted.  *Id*.

On November 22, 2022, this Court adopted Judge Baxter's latest R&R over plaintiffs' objections.  Dkt. No. 27.  Thereafter, Judge Baxter ordered service on defendant Castellane, Dkt. No. 28, sorted out issues with plaintiffs' mailing address, Dkt. No. 38, and denied a request for reconsideration, Dkt. No. 51.  Eventually, counsel for defendant Castellane entered a notice of appearance in this action and the case proceeded forwarded.  Dkt. No. 39.

On March 6, 2023, defendant Castellane moved under Federal Rule of Civil Procedure ("Rule") 56 for summary judgment on plaintiffs' FHA

discrimination claim. Dkt. No. 52. The motion has been fully briefed and will be considered on the basis of the submissions without oral argument.[2]

## II. BACKGROUND

The following facts are taken from defendant's statement of material facts, Dkt. No. 52-3, and from a review of plaintiffs' third amended complaint, Dkt. No. 25. These facts are undisputed unless otherwise noted.

Castellane is a resident of Madison County. Third Am. Compl. ¶ 1. Since 1989, defendant has owned the real property located at 4899 Bear Path Road in Munnsville. *Id.*; *see also* Def.'s Facts ¶ 1. The property consists of a single building divided into apartments. Def.'s Facts ¶ 2. Defendant maintains and occupies one unit. *Id.* ¶ 3. The other units are occupied by tenants who live independently of each other. *Id.* ¶ 5. In total, the parcel of real property is not intended to be occupied by more than four families. *Id.* ¶ 4.

Plaintiffs allege that they leased one of the units from Castellane for many years. Third Am. Compl. ¶¶ 5–6. Eventually, however, plaintiffs allege that the landlord/tenant relationship soured, that defendant took certain acts intended to try to oust them from the tenancy, and that defendant did so

---

[2] The briefing deadline does not expire until April 3, 2023. Dkt. No. 52. However, plaintiffs have already responded in opposition, Dkt. No. 57, defendant has replied, Dkt. No. 58, and plaintiffs have submitted a further filing in opposition, Dkt. No. 60, along with certain video evidence that they believe supports their claim for relief, Dkt. No. 61. Although plaintiffs are *pro se*, proceeding without a lawyer does not give a party license to flout scheduling deadlines or generally applicable Court orders. Under the Local Rules, plaintiffs were entitled to file a response in opposition to defendant's motion. They have now filed two responses as well as some video evidence. The Court has considered all of this material. But further briefing is neither appropriate nor permitted.

"because the Weilburgs are Jehovah's Witnesses." *Id.* ¶¶ 6–12. Defendant denies these allegations.

## III. LEGAL STANDARD

The entry of summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). An issue of fact is material for purposes of this inquiry if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In assessing whether there are any genuine disputes of material fact, "a court must resolve any ambiguities and draw all inferences from the facts in a light most favorable to the nonmoving party." *Ward v. Stewart*, 286 F. Supp. 3d 321, 327 (N.D.N.Y. 2017) (citation omitted). Summary judgment is inappropriate where a "review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (citation omitted).

## IV. DISCUSSION

### A. Plaintiffs' Pro Se Status

Plaintiffs are proceeding *pro se*. Accordingly, their filings in opposition to summary judgment must be "liberally construed" and "held to less stringent

standards than a formal pleading drafted by lawyers." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (cleaned up); *see also Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (observing that courts must liberally construe pleadings and briefs submitted by *pro se* litigants in a way that raises the strongest arguments they suggest).

### B.  Local Rules Governing Summary Judgment

Importantly, however, this lenient policy toward unrepresented litigants has some outer bounds. *See, e.g.*, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006). For instance, while a court should not harshly apply byzantine technical rules against unrepresented litigants, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Nor does it "otherwise relieve [an unrepresented party] from the usual requirements of summary judgment." *Morrison v. Dr. Pepper Snapple Grp.*, 916 F. Supp. 2d 372, 374 (W.D.N.Y. 2013) (citation omitted).

As relevant here, Castellane contends that plaintiffs have failed to raise any material issue of fact on their FHA discrimination claim. Def.'s Reply, Dkt. No. 58 at 2–5. First, defendant argues that plaintiffs failed to respond to defendant's Statement of Material Facts despite being explicitly notified of the consequences of failing to do so. *Id.* Second, defendant argues that plaintiffs have conceded the relevant facts that are necessary to resolve this

motion as a matter of law. *Id.* And third, defendant argues that plaintiffs have not identified what, if any, fact discovery might justify the denial of defendant's motion for summary judgment. *Id.*

Upon review, defendant is correct. First, under the Local Rules, the party opposing summary judgment must respond to the movant's Statement of Material Facts with a filing that "mirror[s] the movant's Statement . . . by admitting and/or denying each of the movant's assertions" and, in the case of a denial, setting forth "a specific citation to the record where the factual issue arises." N.D.N.Y. L.R. 56.1(b) (2023 ed.). Where, as here, the non-movant is a *pro se* litigant, counsel for the movant must also "send a notice to the pro se litigant" cautioning them that "a litigant's failure to respond to the motion may result in the Court entering a judgment" against them. *Id.* at 56.2.

Castellane complied with this requirement. He served plaintiffs with a copy of this District's form notice to *pro se* litigants entitled "notification of the consequences of failing to respond to a summary judgment motion." Dkt. No. 52-5. This form notice warns the *pro se* litigant that a "proper response" to summary judgment requires, *inter alia*, the non-movant to submit "[a] response to the defendants' statement of material facts that admits and/or denies each of the defendants' assertions in matching numbered paragraphs, and that supports each denial with citations to record evidence." *Id.*

Because plaintiffs failed to oppose Castellane's Statement of Material Facts, the facts set forth in his statement may be deemed admitted for the purpose of resolving his motion.  N.D.N.Y. L.R. 56.1(b) (2023 ed.); *Butrym v. Burnt Hills-Ballston Lake Cent. Sch. Dist.*, 2022 WL 1102413, at *4–*5 (N.D.N.Y. Apr. 13, 2022) (deeming facts admitted where *pro se* plaintiff failed to properly oppose defendants' filing despite warning of the consequences).

Even assuming otherwise, Castellane correctly points out that nowhere in plaintiffs' operative pleading or in their opposition filings do they dispute the underlying facts relevant to deciding this motion; *i.e.*, that the Munnsville property (a) includes an owner-occupied unit; and (b) is intended to be occupied by no more than four families living independently of each other.

## C.  <u>The Fair Housing Act</u>

Plaintiffs' remaining claim against defendant is based on alleged religious discrimination under the Fair Housing Act.  *See* Dkt. No. 25.  The FHA makes it unlawful to discriminate against any person on the basis of their religion in connection with, *inter alia*, the availability of a "dwelling" or the provision of services or facilities in a "dwelling."  42 U.S.C. § 3604(a)–(b).

The FHA defines a "dwelling" as "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for

sale or lease for the construction or location thereon of any such building, structure, or portion thereof." 42 U.S.C. § 3602(b).

Importantly, however, the FHA contains an explicit textual exemption for "rooms or units in dwellings containing living quarters occupied or intended to be occupied by no more than four families living independently of each other, if the owner actually maintains and occupies one of such living quarters as his residence." 42 U.S.C. § 3603(b)(2). As defendants note, this exemption is often referred to as the "Mrs. Murphy" exemption, because it is intended to exempt small-scale, owner-occupied dwellings from many of the restrictions imposed by the FHA. Def.'s Mem., Dkt. No. 52-4 at 4–5.

Measured against this exemption, defendant is entitled to judgment as a matter of law on plaintiffs' FHA discrimination claim.[3] It is undisputed that defendant owns the real property at issue. It is undisputed that the property is divided into multiple units. It is undisputed that defendant lives in one of those units. It is undisputed that the other units are occupied by families living independently of one another. It is undisputed that the property is not occupied by, or intended to be occupied by, more than four families in total.

In opposition, plaintiffs contend the property "had (4) separate living quarters with (4) separate and distinct entrances/exits" just before the events

---

[3] Section 3603(b)(2) operates as an affirmative defense. *United States v. Space Hunters, Inc.*, 429 F.3d 416, 426 (2d Cir. 2005). But that does not change the outcome where, as here, the relevant facts are undisputed.

giving rise to the lawsuit; *i.e.*, their unlawful eviction from the premises. But even assuming this fact to be true (or that fact discovery could reveal evidence to substantiate this assertion), the exemption still applies because it extends to rooms or units in owner-occupied dwellings that are "occupied or intended to be occupied by no more than four families." Again, there is no dispute that defendant owns the property, that he lives in one of the units, and that the maximum number of families intended to occupy the property was and is four.[4] Accordingly, defendant's property qualifies for the exemption. *See, e.g.*, *Gonzalez v. Rakkas*, 1995 WL 451034, at *3 (E.D.N.Y. July 25, 1995).

## V. **CONCLUSION**

In light of their *pro se* status, plaintiffs were given multiple opportunities to attempt to state one or more claims against one or more defendants. With the exception of an FHA claim against defendant Castellane, plaintiffs were unable to do so. And as defendant correctly argues, the FHA does not extend to defendant's "dwelling." Thus, even if plaintiffs' allegations of religious discrimination are true, the FHA would not provide them with any relief.

Therefore, it is

ORDERED that

---

[4] Plaintiffs' video evidence does not place this fact in dispute, nor does it demonstrate that additional discovery might be sufficient to place this fact in dispute. Dkt. No. 61.

1. Defendant's motion for summary judgment is GRANTED; and

2. Plaintiffs' third amended complaint is DISMISSED.

The Clerk of the Court is directed to enter a judgment and close the file.

IT IS SO ORDERED.

Dated: March 29, 2023
Utica, New York.

David N. Hurd
U.S. District Judge